# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

### No. 537
### EDMUNDS v. STATE
Ohio Appeals, 9th Dist., Summit Co.

No. 1279. Decided March 8, 1927.

547. FORGERY — A forged instrument purporting to be signed by a Fidelity & Casualty Co. setting forth that a certain individual has deposited with the company $20,-000.00 in Liberty Bonds in order that if they issue a financial guarantee bond to cover any financing, that another named individual may need, and stating that the company will guarantee payment of any note up to a given amount, is a forged writing obligatory within the meaning of 13083 GC.

**First Publication of this Opinion**

PARDEE, J.

Plaintiff herein was convicted of forgery. The instrument upon which the conviction was based purported to be a letter of guarantee issued by the Fidelity & Casualty Co. of New York. The letter was on the regular letter head of the company and was signed and sealed with the company's seal. The letter head and seal had been taken from the company by the accused while he was in their employ. The letter in part was as follows:

"To whom it may concern:—

"Captain Philip S. Wood desires to establish a modern flying field in a suitable location, and his father, Judge Wood, of Bar Harbor, Maine, has deposited with this company $20,-000.00 in Liberty Bonds in order that this company may issue a financial guarantee bond to cover any financing Capt. Wood may need.

"This company will guarantee payment of any note up to $17,000.00 within thirty days after notice, and we recommend Capt. Wood to your favorable consideration."

On error the Court of Appeals affirmed the Common Pleas and held as follows:

The plaintiff in error contends that the written instrument, upon which the indictment is founded, is not a writing obligatory, and therefore no offense was committed by him under the laws of this state. With this contention we do not agree. This writing was addressed "to whom it may concern" and if genuine would be an offer to any one to extend credit to said Wood upon the strength thereof, and if so accepted, would constitute a binding and enforceable obligation upon said company in accordance with its terms.

We are therefore of the opinion that it is a writing obligatory under the terms of the structure.

Judgment affirmed.

(Washburn, P. J. and Funk J., concur).

Attorneys—Smoyer & Smoyer for Edmunds, O. A. Hunsicker, Pros. Atty., A. B. Underwood, Asst. Pros., and Rockwell & Grant for State; all of Akron.

### No. 538
### GOULD v. SMITH
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7994. Decided May 2, 1927.

8. ABUTTING OWNERS—Abutting owners in caring for their property, must respect the rights of others, so as not to injure them. The owner of the adjoining property would not be justified in deliberately placing himself where he would be injured.

**First Publication of this Opinion**

SULIVAN, PJ.

This was an action by Helen M. Gould against Kathryn Smith to recover damages, by reason of Smith having turned a hose upon Gould, causing illness which produced pain and suffering, and injured her specifically and generally.

Gould claims that the lower court erred in its charge to the jury. The Court of Appeals affirmed the Common Pleas and held as follows:—

There is no error in a charge to the jury which states that each party owning property has the right to care for it, and that in caring for it, they must respect the rights of others. At the same time, an adjoining owner, while the other party is caring for his property, would not be justified in deliberately placing himself in a place where he would be injured. Each party would be expected, as a matter of law, to so conduct himself, as not to be injured by some act of the other.

Judgment affirmed.

(Vickery and Levine, JJ., concur).

Attorneys—George C. Hafley for Gould, R. A. Baskin for Smith; all of Cleveland.